IN THE MATTER OF THE ESTATE OF H. WIL-
HELM WOLTERS, DECEASED.

No. 1831.

Argued November 1, 1928.                    Decided November 16, 1928.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY BANKS, J.

H. Wilhelm Wolters died December 15, 1918, and by
his last will and testament, which was duly admitted
to probate, made the following devises and bequests:
"Second. I give and bequeath to my brother Carl
Wolters, residing at present in San Francisco, California,
25 shares of stock in the Oahu Sugar Co. Ltd. Third.
I give and bequeath to my brother Hermann Wolters,
residing at present in Kealia, Island of Kauai, 25 shares
of stock in the Oahu Sugar Co. Ltd. Fourth. I give
and bequeath to my nephew William Wolters, son of my
brother Hermann Wolters, 25 shares of stock in the
Oahu Sugar Co. Ltd. Fifth. I give and bequeath to

my niece Helene Wolters, daughter of my brother Hermann Wolters, 25 shares of stock in the Oahu Sugar Co. Ltd. Sixth. I give and bequeath to Diedr. Harves, residing Sielwall 33 Bremen, Germany, in appreciation of having given much attention and care to our family burial ground in Bremen and in consideration to take care of it in future, 50 shares of stock in the Oahu Sugar Co. Ltd. Seventh. I give, devise and bequeath to Jose Caetano, residing on Punchbowl Hill, City of Honolulu, 100 shares of stock in the Oahu Sugar Co. Ltd. and real estate as follows: * * *" Article tenth of the will devises and bequeaths the residue and remainder of the testator's property to Jose Caetano, C. C. von Hamm, James L. Cockburn and John L. Fleming upon trust to pay certain annuities to the testator's relatives, and then the testator provides: "And upon expiration of the said trust term of ten years, to transfer, pay over and deliver to the Free and Hansa Town of Bremen, Germany, the said residuary trust estate together with the accumulated income therefrom * * *." At the date of the making of the will the testator owned the following shares of stock in the Oahu Sugar Company, Limited: Certificate number 5398, 1000 shares; certificate number 12496, 277 shares; certificate number 12609, 35 shares, and certificate number 13433, 238 shares, making a total of 1550 shares. The same number of shares of Oahu Sugar Company, Limited, stock and the same certificates were owned by the testator at the time of his death. The final accounts of the executors were duly filed. The stock bequeathed to Carl, Hermann, William and Helene Wolters and to Jose Caetano was delivered to these beneficiaries, respectively, on June 24, 1927, and interest at eight per cent per annum was paid on its value, as of the date of the testator's death, from such date up to and including January 15, 1927. The

fifty shares of stock bequeathed to Diedrich Harves had not been delivered to Harves but was being retained by the executors pending the release thereof by the alien property custodian. The dividends collected on this stock by the executors from the date of the testator's death up to and including the date of its delivery to the above beneficiaries had not been paid to them but was still in the hands of the executors. The accounts were referred to two masters for examination. The masters reported that the accounts were in all respects correct and recommended their allowance and approval. The probate judge, however, in so far as the accounts related to the accrued dividends on the stock above mentioned, disagreed with the report of the masters and ordered that the executors pay to the estate of Carl Wolters (who was then dead), Hermann Wolters, William Wolters, Helene Wolters and Jose Caetano the difference between the sums already paid them on account of interest on the stock bequeathed to them and the amount received by said executors on account of dividends thereon and that Diedrich Harves be treated similarly, subject to the claim of the alien property custodian. From this order Free and Hansa Town of Bremen and Bremer Handels Museum of Bremen appealed to this court.

The stock itself having been delivered to the designated beneficiaries the only question before us is whether the dividends held by the executors belong to the donees of the stock or to the donee of the testator's residuary estate. We must, if possible, find the answer to this question in the will. If the testator has expressly or by fair implication indicated his wishes they must be obeyed.

It is evident from the will that for testamentary purposes the testator divided his estate into two portions. The first or primary portion consisted of 250 shares of

the capital stock of the Oahu Sugar Company, Limited, certain real estate, a collection of stamps and $5000. The second or residuary portion consisted of everything else that the testator owned. It clearly did not include any of the items theretofore bequeathed or devised. Having designated the donees of the first or primary portion he gave the second or residuary portion to certain named trustees, to be dealt with by them according to the terms of the trust, for a period of ten years and then to the city of Bremen, Germany. The items comprising the first portion were no part of this trust estate. It clearly was not the intention of the testator that the trustees should have anything to do with them. Neither the items themselves nor the income derived from them were under the terms of the will to befall the city of Bremen. In his declaration of what he intended the city of Bremen should have at the expiration of the trust and in his instructions to the trustees he uses this significant, and we think controlling, language: "And upon expiration of the said trust term of ten years, to transfer, pay over and deliver to the Free and Hansa Town of Bremen, Germany, the said residuary trust estate together with the accumulated income therefrom for the benefit of such institutions, public or private, scientific, educational or charitable which may be beneficial to the population of Bremen as may be decided upon from time to time by the proper authorities of the said Free and Hansa Town of Bremen." This is an explicit statement by the testator of the bounty he desired and intended to confer upon the city of Bremen. This bounty consisted of all of his residuary estate (which was exclusive of what he had given to the other beneficiaries), in whatever form it might be at the expiration of the trust, and the income derived from said residuary estate. The dividends involved in the present controversy were not

derived from the property which the testator intended should ultimately befall the city of Bremen but from the property he gave to the Wolters, Caetano and Harves. To hold, therefore, that these dividends should go to the city of Bremen would be to defeat the manifest intention of the testator.

Moreover, by delivering the stock itself instead of paying its money value, the executors proceeded on the theory that the beneficiaries were entitled to the identical property bequeathed. If they were entitled to these bequests at the time of their delivery they were equally entitled to them when the will became effective, which was the date of the testator's death. Their rights were not lost or in any way changed by the delay in the delivery. The dividends, of course, belong to those to whom the stock belonged.

The order appealed from is affirmed.

*Robertson & Castle,* for the executors except Jose Caetano, submitted the case upon the briefs filed by appellants.

*O. P. Soares* (also on the briefs) for Jose Caetano, one of the executors.

*J. G. Anthony* (*Smith, Wild & Hoppe* with him on the briefs) for appellants.